UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TAMEKA BURNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-120-HTW-LGI |
| | ) |
| | ) |
| GEORGE CARR BUICK GMC, INC., | ) |
| AND JOHN DOES 1-5 | ) |
| | ) |
| Defendants | ) |

**COMPLAINT**
**JURY TRIAL DEMANDED**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 on the grounds of sexual discrimination/sexual harassment that created a hostile working environment. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C. A. § 2000e et seq.

Plaintiff seeks to recover actual and punitive damages for sexual discrimination, a sexually hostile work environment, sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, and for violations of other rights and privileges enjoyed by the Plaintiff. Plaintiff seeks redress for these violations and deprivations by the Defendants, as well as redress for other violations of applicable law for Defendants' unlawful employment practices.

**COMES NOW** the Plaintiff, Tameka Burnett, by and through counsel, and files this action against Defendants, George Carr Buick GMC, Inc. and John Does 1-5. As more specifically set forth below, Plaintiff has been subjected to sex discrimination, sexual

harassment, and a sexually hostile work place, all in violation of the Title VII and has been unlawfully retaliated against based on her complaints of pervasive and unwelcome sexual harassment and advances by Defendants.

In support of this cause, the Plaintiff would show unto the Court the following:

## PARTIES

1. The Plaintiff, Tameka Burnett, is an adult female resident of Hinds County, Mississippi residing in the City of Clinton, Mississippi.

2. Defendant, George Carr Buick GMC, Inc., is a for profit corporation operating and doing business in Vicksburg, Mississippi and may be served by process upon its registered agent, Debra Carr, 2950 South Frontage Road, Vicksburg, Mississippi 39180.

3. In addition to the Defendants identified above, there are Defendants whose identities are presently unknown to Plaintiff. These unknown Defendants are identified as "John Doe" Defendants 1-5 pursuant to Federal Rules of Civil Procedure. Every allegation in the Complaint is an allegation and a filing as of this date against each "John Doe" Defendant. These Defendants are persons whose identities are unknown at this time. At such time as the identity of any one or all of the John Doe Defendants are identified, Plaintiff will seek leave to amend this Complaint to add same as a Defendant.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

5. This Court has personal and subject matter jurisdiction over Defendants, and venue is proper in this Court. A true and correct copy of Plaintiff's Charge of Discrimination filed with the Federal Equal Employment Opportunity Commission is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Notice of Right to Sue letter is attached hereto as Exhibit "B."

## FACTS

6. Defendant George Carr Buick Cadillac GMC is an automobile dealership located in Vicksburg, MS.

7. Plaintiff Tameka Burnett was hired by George Carr Buick Cadillac GMC as a salesperson in February 2019.

8. At the time of her employment, George Carr was the owner and general manager of the dealership and Preston Balthrop was the general sales manager.

9. After Mr. Carr's death in March, 2021, Preston Balthrop was promoted to general manager.

10. While a salesperson at George Carr Buick Cadillac GMC, she was highly productive in the sale of vehicles. She was named Employee of the Month on several occasions and recognized as New Car Salesperson of the Year by the Vicksburg Post newspaper.

11. Despite her production as an employee, she endured lewd and lascivious harassment over the course of her employment despite relentless appeals to management to stop the conduct.

12. Over the course of her employment, the harassment took a physical and mental toll on Plaintiff such that she sought the attention of a medical professional.

13. Plaintiff suffered consistent, unwanted, and offensive conduct at George Carr by Balthrop and a saleman, Steve Barber.

14. Plaintiff experienced unwelcome, pervasive, and persistent sexual harassment from Balthrop after becoming employed at George Carr. His acts of harassment included groping and bumping up against her, grabbing his private parts in front of her and saying, "I want you" and making sexual advances. He touched her on numerous occasions. He asked her to meet him at a local lounge. He made references to her "boobs" being out, nipples being hard, and wanting

to know how she got her "ass" in her pants. Balthrop would say that she must be afraid of the "dick." He suggested that her husband was not getting the "pussy" or did he hit that "pussy" this morning. He would ask if she was sleeping with a co-worker. He would make comments about her body, such as how do my legs hold my butt up. He send an inappropriate video to her phone of a lady masturbating.

15. Balthrop's harassment took other forms such as not giving her credit from GM for new GM vehicles sold by her. Instead, the fees were given to others. She was also prevented from receiving a working computer when other salesman received one.

16. The torment didn't end with Balthrop. Steve Barber was a salesman at George Carr during the period of her employment. His actions too were unwelcome, pervasive, and persistent. He would make fart noises when she was around; he would send pictures of big black greasy babies and say who does this look like; he would call Plaintiff "nigger bitch" and "head bitch in charge." He would take cars and sell under her. On one occasion, Barber attempted to put a deposit on a vehicle so that Plaintiff could not sell it to a customer. He would walk past her desk and make monkey noises. He would send her inappropriate pictures to her Facebook messenger. Barber would come to work late or come and go as he pleased. Others would leave early every day. She would stay until close and work every weekend. Yet, she would be criticized for taking time off and Barber would be allowed to get away with not working.

17. Barber's antics evolved into taking her key ring which contained keys to her cars and house. He would use the key fob to pop her truck for several days until she called the police because management would not help her with the problem. Barber, along with other employees, would take the dealership golf cart and hide it in the back of the store so that she could not use it to meet customers. Barber would go into her office and flip over pictures of her children and would throw away paperwork from her desk.

18. Burnett made several unsuccessful attempts to get assistance from George Carr and Balthrop to stop the torment of harassment she faced. Not only did the harassment not end, but Burnett was also terminated.

19. Plaintiff's termination was clearly pretextual for repeated claims of harassment by Balthrop and Barber.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF TITLE VII - SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

20. Plaintiff incorporates the above paragraphs as though specifically set forth herein and further alleges as follows:

21. Defendants engaged in unwelcome conduct which created an intimidating work environment.

22. Plaintiff belonged to a protected group.

23. Plaintiff was subject to unwelcome harassment over the course of her employee with Defendant by a member of management and co-worker.

24. Plaintiff's harassment was based on her membership in a protected group.

25. The harassment by Defendants was sufficiently pervasive to affect a term, condition, or privilege of employment.

26. Plaintiff knew or should have known about the harassment but failed to take prompt, corrective action.

27. As a result of Defendants' conduct, Plaintiff suffered damages, including but not limited to, compensatory damages, loss of income, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

## COUNT II - VIOLATION OF TITLE VII -RETALLIATION

28. Plaintiff incorporates the above paragraphs as though specifically set forth herein and further alleges as follows:

29. Plaintiff was engaged in an activity protected by Title VII.

30. Defendants subjected Plaintiff to an adverse employment action by terminating her after she complained about sexual harassment. The termination by Defendants was related to the terms or conditions of Plaintiff's employment as a salesperson and was materially adverse. Notwithstanding the multiple reports of sexual harassment lodged by Plaintiff to Defendants which were either ignored or disregarded, Defendants continued the harassment knowing nothing would ever be done about it.

31. Defendants' termination of Plaintiff was pretextual and Plaintiff's reports of harassment caused her termination.

32. As a result of Defendants' retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of income, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

## COUNT III – PUNITIVE DAMAGES

33. Plaintiff incorporates the above paragraphs as though specifically set forth herein and further alleges as follows:

34. The acts of the Defendants constitute willful and intentional conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e et seq.

## COUNT IV – VICARIOUS LIABILITY

35. Plaintiff incorporates the above paragraphs as though specifically set forth herein and further alleges as follows:

36. Defendant George Carr Buick GMC, Inc. is vicariously liable for the actions of Balthrop, as General Manager, who exercised immediate authority over Plaintiff and whose harassment culminated in a tangible employment action, namely termination from her employment.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Compensatory damages, to include lost wages and medical expenses;
3. Punitive damages;
4. Attorney's fees;
5. Litigation costs and expenses; and
6. Any other relief to which she may be properly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff files this Complaint and prays that upon a trial before a jury that this Court will award compensatory and punitive damages to the Plaintiff of and from the Defendants, inclusive of interest and costs.

**RESPECTFULLY SUBMITTED**, this 14th day of February 2023.

BY: /s/ Omar L. Nelson
OMAR L. NELSON (MSB # 100105)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

**GIBBS TRAVIS PLLC**
**210 E. Capitol Street, Suite 1801**
**Jackson, Mississippi 39201**
**Telephone (601) 487-2624**
**Facsimile (601) 366-4295**
**Email: onelson@gibbstravis.com**